UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVY MACHINING, LLC, RYAN LEVY,
ROBERT LEVY, and SHERILENE LEVY,

        Plaintiffs,

        v.

HANOVER TOWNSHIP and JEFF HEATH,

        Defendants.

_____/

Case No. 21-cv-12566

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS (ECF No. 19) AND DENYING AS
MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(ECF No. 33)**

## I.   INTRODUCTION

Plaintiff Levy Machining, LLC ("Levy Machining") as well as Plaintiffs Ryan Levy, Robert Levy, and Sherilene Levy (collectively the "Levy Family") initiated the instant action against Defendants Hanover Township (the "Township") and Jeff Heath on November 11, 2021.   ECF No. 1.   Plaintiffs allege that Defendants selectively enforced zoning ordinances against them in retaliation for personal disputes between Defendant Heath and the Levy Family.   *See generally id*.

1

Presently before the Court is Defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).  The motion is fully briefed, and the Court held a hearing on the matter on December 5, 2022.  Also before the Court is Defendants' Motion for Summary Judgment (ECF No. 33), which is also fully briefed.  For the following reasons the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (ECF No. 19) and **DENIES AS MOOT** Defendants' Motion for Summary Judgment (ECF No. 33).

## II.   BACKGROUND

### A. Factual Background

Plaintiffs Ryan, Robert, and Sherilene Levy operate co-Plaintiff Levy Machining, a machine fabrication business.  ECF No. 1, PageID.3; ECF No. 19, PageID.114.  At all times relevant to this lawsuit, the Levy Family operated Levy Machining on property zoned AG-1 within Defendant Hanover Township.  ECF No. 1, PageID.3.  Plaintiff Sherilene Levy also lived at the property with her husband, Non-Party Michael Levy.  *Id*.

The property is adjacent to a parcel owned by Defendant Heath.  *Id.* at PageID.4.  Plaintiffs claim that Heath and Michael Levy have had a difficult forty-year relationship that has occasionally devolved into screaming matches.  *Id*.  Their

2

prior disputes concerned driveway use and Heath filing formal complaints accusing Levy Machining of illegal dumping.  *Id.* at PageID.5.

Plaintiffs allege that from 2002 to 2018, Levy Machining "operated without a single issue."  *Id.* at PageID.3.  Specifically, they allege that Defendant Hanover Township did not enforce its zoning ordinance throughout the municipality except for locations with "property line setback issues."  *Id*.  They further claim that Township Supervisor John Tallis and Township Attorney Bob Flack informed Michael Levy it was unnecessary for him to procure a conditional use and/or variance permit.  *Id*.

However, in 2018, Defendant Heath ran for Township Supervisor.  *Id.* at PageID.4.  On April 15, 2019, within three days of Heath's election and after he was appointed Zoning Administrator, Plaintiffs were given a notice to cure their ordinance violations by September 30, 2019.  *Id.* at PageID.4–5.  Specifically they were accused of "[o]perating a [b]usiness in an AG-1 Zoning District, in violation of Ordinance 4.1.1," [l]ack of site plan approval submitted to the township, in violation of Ordinance 5.6," [l]ack of Zoning Compliance Permit, in violation of [O]rdinance 6.4.1," "[l]ack of Certificate of Occupancy, in violation of [O]rdinance 6.5.1" and "[s]toring [m]aterials [o]utdoors, in violation of [O]rdinance 5.9."  *Id.* at PageID.5.  Plaintiffs also received Michigan Department of Environmental Quality

3

letters signed by Heath that accused them of illegal dumping.[1] *Id*. Despite the deadline indicate in the notice letter, Defendant Hanover Township initiated zoning enforcement proceedings in the Jackson County Circuit Court on August 23, 2019. *Id.* at PageID.4.

Plaintiffs were ordered to relocate Levy Machining and did so. *Id*. Plaintiffs allege that they incurred significant costs to relocate Levy Machining's operations and that they are now forced to pay "a sizable rental obligation each month." *Id*. They also claim to have lost several contracts due to the enforcement actions. *Id*. Nevertheless, Plaintiffs contend that "approximately twenty (20) similarly situated businesses that operate companies out of the same zoning district in Hanover Twp. [] have never once had a zoning enforcement proceeding initiated against them." *Id.* at PageID.5.

As a result, Plaintiffs allege that Defendant Heath's motive for running for Township Supervisor was to initiate zoning enforcement proceedings against them. *Id.* at PageID.4. Plaintiffs also claim that several conflicts of interest resulted in the selective enforcement of the zoning ordinances against them. *Id.* at PageID.6. First, Defendant Heath is employed by Lomar Machine ("Lomar"), a direct competitor to

---

[1] The Court takes judicial notice that as of April 7, 2019, the Michigan Department of Environmental Quality was restructured as the Department of Environment, Great Lakes, and Energy. *See* Fed. R. Evid. 201(b)(1), (c)(1).

4

Levy Machining.  *Id.* at PageID.5.  Second, Defendant Heath's daughter-in-law, Rachel Heath is a Trustee for Defendant Hanover Township.  *Id.* at PageID.6.  Third, Defendant Heath's son, Taylor Heath, is employed by LeMatic, Inc. a client over which Levy Machining and Lomar compete.  *Id.*  Plaintiffs claim that Taylor Heath channeled business to Lomar while Levy Machining's operations were disrupted by the zoning issues.  *Id.*  Finally, Jason Dorian, another Trustee for Defendant Hanover Township, is a Lomar employee and is married to the daughter of Lomar's CEO.  *Id.*

### B. Procedural Background

Plaintiffs bring claims under 42 U.S.C. § 1983 for violations of their rights to equal protection (Count I), substantive due process (Count II), and procedural due process (Count III) as well as under 42 U.S.C. § 1985 for conspiracy to interfere with their civil rights (Count IV).  ECF No. 1, PageID.6–12.  Plaintiffs also bring state law claims for tortious interference (Count V), defamation (Count VI), intrusion on seclusion (Count VII), and civil conspiracy (Count VIII).  *Id.* at PageID.12–16.

Defendants answered the Complaint.  ECF Nos. 12, 13.  They subsequently filed the instant Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).  ECF No. 19.  In their motion, Defendants argue that Plaintiffs' claims fail as a matter of law under the doctrine of res judicata because all of them were, or could

have been, decided in *Hanover Twp. v. Levy Machining, LLC*, No. 19-3508-CZ (Mich. 4th Cir. Ct. 2019) (the "state court matter"), which resulted in a final judgment on the merits in favor of the Township and against Plaintiffs and their privies. ECF No. 19, PageID.107. Defendants further contend that Plaintiffs' claim for conspiracy to interfere with civil rights (Count IV) fails as a matter of law because Plaintiffs failed to plead discrimination based on race or membership in a class of discrete and insular minorities. *Id*.

Plaintiffs counter that res judicata does not apply as the parties in the instant matter are dissimilar to those in the state court matter. ECF No. 22, PageID.319. Specifically, they assert that Defendant Heath and Plaintiffs Ryan and Robert Levy were not parties to the state court matter and that Ryan and Robert Levy have brought several claims as individuals, not merely on behalf of Levy Machining. *Id*. Additionally, Plaintiffs argue that they could not have brought their claims as counterclaims in the state court matter. *Id*.

### III.   LAW & ANALYSIS

#### A. Legal Standard

The Court analyzes a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") using the same standard it would employ for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Fla.*

6

*Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (citation omitted). To survive a motion for judgment on the pleadings, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Winget*, 510 F.3d at 581 (citation omitted).

When resolving a motion for judgment on the pleadings, a Court may consider a document that "is referred to in the pleadings and integral to the claims" and "public records" without converting the motion into one for summary judgment. *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citation omitted); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001).

7

## B. Discussion

### 1. Subject Matter Jurisdiction

As a threshold matter, in their Reply, Defendants "suggest[] this Court lacks subject matter jurisdiction over Plaintiffs' entire Complaint under the *Rooker-Feldman* doctrine." ECF No. 24, PageID.429. The Court disagrees.

As the Sixth Circuit has explained:

The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 1200, 163 L. Ed.2d 1059 (2006). Thus, "[t]he *Rooker–Feldman*[ ]doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Id.* at 1199 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005)). The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir.2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006). Additionally, the *Rooker–Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir.2003).

*Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (first alteration in original). However, "*Rooker–Feldman* is not simply preclusion by another name." *Lance*, 546 U.S. at 466.  Thus, "[t]he *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." *Id*.

Here, as both parties have acknowledged, neither Ryan nor Robert Levy were parties to the zoning enforcement proceedings in the Jackson County Circuit Court. Accordingly, the *Rooker-Feldman* doctrine cannot bar them from pursuing claims in federal court.

Nor does the *Rooker-Feldman* doctrine serve as a bar to Plaintiffs Levy Machining and Sherilene Levy.  The Supreme Court has, in dicta, addressed the circumstance currently before this Court:

> Nor does [*Rooker–Feldman*] stop a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.  If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

*Exxon Mobil Corp.*, 544 U.S. at 284 (second and third alterations in original) (quoting *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993)).

9

The Sixth circuit has explained that a plaintiff who unsuccessfully sues his employer in state court for violating state anti-discrimination law and Title VII can bring the same suit in federal court without running afoul of the *Rooker-Feldman* doctrine. *Abbott*, 474 F.3d at 329 (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87–88 (2d Cir.2005)).  This is because "he will not be alleging injury from the state court judgment;" rather, "he will be alleging injury based on the employer's discrimination." *Id*.

Here, Levy Machining and Sherilene Levy have "present[ed] some independent claim" sufficient to overcome the *Rooker-Feldman* bar.  Although Plaintiffs' claims in the instant case overlap with defenses raised in the state court matter, Plaintiffs do not seek to appeal that judgment.  They do not ask this Court to reverse the state court's finding that they violated the Township's ordinances or that they be permitted to move their business back to its original location.  Instead, they seek monetary damages and an injunction against any further discrimination or retaliation based on the alleged selective enforcement.  Accordingly, the Court concludes the *Rooker-Feldman* doctrine does not apply.

### 2.  Claim Preclusion

Defendants argue that Plaintiffs' claims are barred by the doctrine of res judicata.  For the following reasons, the Court agrees.

10

As the Supreme Court has explained:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748–749, 121 S. Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote omitted).

Although Defendants use the term "res judicata" in their motion, it is clear they are only referring to "claim preclusion." As such, the Court addresses whether claim preclusion, in particular, is applicable.[2]

Michigan law governs this Court's claim preclusion analysis. *See Bus. Dev. Corp. of S.C. v. Rutter & Russin*, LLC, 37 F.4th 1123, 1129 (6th Cir. 2022). Under

---

[2] Defendants raised issue preclusion during the oral argument. However, this was not briefed, and issues asserted for the first time at oral argument are waived. *U.S. ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 450 n.6 (6th Cir. 2008).

11

Michigan law, claim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 120, 680 N.W.2d 386, 395 (2004). The Michigan Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*.

### i. The state court matter

The Township brought the state court matter against Michael Levy, Sherilene Levy, and Levy Machining (collectively the "Levy Defendants") in 2019 to abate nuisances stemming from their violations of the Township's zoning ordinance. *See* ECF No. 19-4. The Township brought claims for: using the property as a machine fabrication shop in an Agricultural District in violation of Ordinance Section 4.1.1 (Count One); using the land industrially without a site plan or zoning compliance permit in violation of Ordinance Sections 5.6 and 6.4.1, respectively (Count Two); failing to obtain a certificate of occupancy in violation of Ordinance Section 6.5 (Count Three); failing to store equipment and materials within an enclosed building

12

in violation of Ordinance Section 5.9 (Count Five [*sic*]); nuisance abatement and injunctive relief (Count Six); and nuisance in fact (Count Seven).  PageID.178–85.

The Township moved for summary disposition at the close of discovery, and the Levy Defendants responded.  *See* ECF No. 19-3.  In addition to challenging all the Township's claims, the Levy Defendants argued the Township was "selectively enforcing its zoning ordinance against" them.  *Id.* at PageID.141.   The Levy Defendants asserted they were a "class of one" as recognized by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) and presented evidence that the Township was aware that at least twenty other businesses were violating the zoning ordinance without consequences, including the Township Supervisor, Defendant Heath.  *Id.* at PageID.142–43.  The Levy Defendants also contended that two members of the Township board that voted on their matter had conflicts of interest due to their relationships with Lomar Machine and LeMatic, Inc. and should have abstained.  *Id.* at PageID.143–44.

The Jackson County Circuit Court held a hearing on the motion on June 4, 2020.   During their oral arguments, the parties and court addressed the Levy Defendants claims of conflicts of interest, ECF No. 19-5, PageID.242, 24647, and selective enforcement, *id.* at PageID.247–51, 256–57.  When making its ruling, the court summarized the facts and found there was no genuine issue as to a material

13

fact that the Township was entitled to summary disposition on all counts. *Id.* at PageID.261–74. Notably, in determining that an injunction was proper, the court concluded that the Township's failure to correct the Levy Defendants "clearly non-conforming use" would constitute, or appear to constitute, selective enforcement of the zoning ordinance that might encourage others to violate the ordinance. *Id*. PageID.271–72. The court also recognized that "there may have been some other dynamics going on that led" to the parties' inability to agree on a timeframe for the Levy Defendants to relocate their business but noted that it was, nonetheless, required to make a ruling on the motion. *Id.* at PageID.274. Additionally, the court seemed to find that the Levy Defendants would not be entitled to damages from having to relocate their business because the property could be put to alternate, lawful, use. *Id.* at PageID.26869.

On June 24, 2020, the Jackson County Circuit Court entered "Final Judgment" granting the Township's motion for summary disposition "pursuant to MCR 2.116(C)(9) (no valid defense) and 2.116(C)(10) (no issue of material fact)," permanently enjoining the use of the property as a machine fabrication shop, and granting the Township the right to inspect the outbuilding on the property to verify compliance. ECF No. 19-2. The Levy Defendants did not appeal.

14

### ii.   The state court matter was a prior action decided on the merits.

First, Defendants must establish that there was a prior action decided on the merits.  "As a general rule, 'a summary disposition ruling is the procedural equivalent of a trial on the merits that bars relitigation on principles of res judicata.'" *Est. of Baldwin by Lee v. Est. of Davies by Heitmanus*, No. 353852, 2021 WL 2026205, at *3 (Mich. Ct. App. May 20, 2021) (quoting *Mable Cleary Trust v. Edward-Marlah Muzyl Trust*, 262 Mich. App. 485, 510; 686 N.W.2d 770 (2004), *overruled on other grounds by Titan Ins. Co. v. Hyten*, 491 Mich. 547; 817 N.W.2d 562 (2012)).  Additionally, the issuance of a permanent injunction constitutes a decision on the merits under Michigan law.  *AuSable River Trading Post, LLC v. Dovetail Sols., Inc.*, 874 F.3d 271, 274 (6th Cir. 2017).

Here, the state court matter involved summary disposition proceedings that resulted in a "Final Judgment."  As part of said judgment, the Jackson County Circuit Court issued a permanent injunction.  Thus, the state court matter constitutes a prior decision on the merits under Michigan law.

Relying on *Ternes Steel Co. v. Ladney*, 364 Mich. 614, 111 N.W.2d 859 (1961), Plaintiffs argue that they are not barred from raising in a subsequent suit issues that could have been brought as a counterclaim in a prior suit.  ECF No. 22, PageID.328–29.  This argument fails for two reasons.  First, the portion of the

15

opinion on which Plaintiffs rely is dicta.  *See Ternes Steel*, 364 Mich. at 618, 111 N.W.2d at 861 ("Defendant's second ground for reversal, that use of his breach of warranty as a defense in the first case bars its use in this case as a basis for affirmative relief, was not pleaded below nor was it argued to, or considered by the trial judge. Although not determinative of this appeal it might be discussed profitably because of the probability that it will be relied upon by defendant on remand." (internal citation omitted)).  As such, it is not binding.  *Gonzalez v. United States*, 553 U.S. 242, 256 (2008) (Scalia, J., concurring) ("[A] formula repeated in dictum but never the basis for judgment is not owed *stare decisis* weight."); *see also Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019) ("[O]nly *holdings* are binding, not *dicta*." (emphasis in original)).

Second, even if *Ternes Steel* were binding, it does not support Plaintiffs' position.  In *Ternes Steel*, the Michigan Supreme Court held "that when a litigant's right to affirmative relief is independent of a cause of action asserted against him and it is relied upon only as a defense to that action, he is barred from seeking affirmative relief thereon in a subsequent proceeding."  *Id.*  364 Mich. at 619, 111 N.W.2d at 861.  Here, Plaintiffs alleged their current claims as defenses in the state court matter.  As alleged in the Complaint, Plaintiffs' equal protection claim (Count I) is based on selective enforcement; the substantive and procedural due process

16

claims (Counts II and III) are based on of Defendant Heath's and the Township board members' conflicts of interest; and the § 1985 claim is based on both selective enforcement and conflicts of interest.[3]  As discusses in Section III.B.2.i. *supra*, the Levy Defendants raised both these issues as defenses in the state court matter, and the Jackson County Circuit Court considered both before issuing its decision. Plaintiffs rights to affirmative relief are independent of the causes of action that were asserted against the Levy Defendants in the state court matter, and they raised selective enforcement and conflicts of interest as defenses in the state court matter. Thus, Plaintiffs would be subject to claim preclusion even under *Ternes Steel*.

Nevertheless, Plaintiffs argue that there has not been a "full and final" determination on the merits of their selective enforcement and conflict of interest claims.  ECF No. 22, PageID.329.  "This ignores that a claim need not be actually litigated in the first action to be barred by res judicata—it is enough if the claim 'could have been resolved in the first' action."  *Delinck v. Defina*, No. 358094, 2022 WL 16858581, at *3 n.1 (Mich. Ct. App. Nov. 10, 2022) (quoting *Verbrugghe v. Select Specialty Hosp.-Macomb Cnty., Inc.*, 279 Mich. App. 741, 744, 760 N.W.2d 583, 585 (2008)) (citing *Adair*, 470 Mich. at 121).  Accordingly, the Court concludes

---

[3] The Court also notes that Plaintiffs' claims for tortious interference (Count V) and civil conspiracy (Count VIII) are based on Defendants' conflicts of interest.

the state court matter constitutes a prior action decided on the merits for purposes of claim preclusion. *See Adair v. State*, 470 Mich. at 120.

### iii.   Both actions involve the same parties or their privies.

Next, Defendants must establish that the instant action and the prior action involve the same parties or their privies. "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Adair*, 470 Mich. at 122 (2004). The Michigan Supreme Court has determined that "a perfect identity of the parties is not required, only a 'substantial identity of interests' that are adequately presented and protected by the first litigant." *Id*.

Here, the Court concludes there is a "substantial identity of interests" between the parties in the two actions. Hanover Township, a defendant in the instant action, was the plaintiff in the state court matter. Likewise, Sherilene Levy and Levy Machining, both plaintiffs in the instant action, were defendants in the state court matter. "The fact that parties have reversed roles in subsequent suits, in the past, has not foiled the application of res judicata." *Detroit v. Nortown Theatre, Inc.*, 116 Mich. App. 386, 393, 323 N.W.2d 411 (1982).

Heath, the remaining defendant in the instant action, was not a party to the state court matter, but is an employee of Hanover Township, which was. He is thus

18

in privity with Hanover Township for purposes of claim preclusion.  *See O'Leary v. Charter Twp. of Flint*, No. 09–13075, 2010 WL 2870400, at *8 (E.D. Mich. July 21, 2010) (finding that a Township department head sued in her individual capacity for alleged discrimination and retaliation was in privity with the Township, which was a party to a discrimination suit in state court on the same theory).  It does not matter that Plaintiffs bring their claims against Defendant Heath in his individual capacity. *McCoy v. Michigan*, 369 F. App'x 646, 650 (6th Cir. 2010) (applying Michigan law and finding privity where previous governmental unit party and present-case defendant "have an employer-employee relationship, regardless of whether the claims in the first suit were brought against the [d]efendants in the same capacity as the claims in the second"); *see also Motuelle v. Ruffini*, No. 244557, 2004 WL 1254304, at *4 (Mich. Ct. App. June 8, 2004) (finding privity where individual defendants in instant case "had an employer-employee relationship" with the defendant-institution in the prior case, the claims against the individual defendants involved their conduct while in performance of their duties as employees, and their interests as employees were presented and protected in the initial suit, "which involved the same set of facts" (citing *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 14 n.10, 672 N.W.2d 351, 360 (2003))).

19

Ryan and Robert Levy, the remaining plaintiffs in this action, became co-owners of Levy Machining along with Sherilene Levy in 2018, well before the events giving rise to this action.   ECF No. 19-3, PageID.138 ("[Michael Levy] organized Levy Machining in 2002 and was the sole member until 2018, when he transferred Levy Machining to his wife and two children, Ryan Levy and Robert Levy.").  As co-owners of Levy Machining who worked at the company while it was violating the Township's ordinances, Ryan and Robert Levy stand in privity with their parents for purposes of claim preclusion.  *See Twp. of Armada v. Marah*, No. 268142, 2006 WL 2742061, at *2 n.1 (Mich. Ct. App. Sept. 26, 2006) (finding it "obvious" that wife, who co-owned the property at issue and cooperated in nonconforming use, was in privity with her husband who had been subject to an earlier nuisance abatement suit).

Accordingly, the Court concludes the instant case and the state court matter involve the same parties or their privies.  *See Adair v. State*, 470 Mich. at 120.

### iv.    The matter in this case was, or could have been, resolved in the first.

Finally, Defendants must establish that the matter in the instant case was, or could have been, resolved in the first.  Claim preclusion "bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not."  *Adair*, 470 Mich. at 123.  Michigan courts "use[] a

20

transactional test to determine if the matter could have been resolved in the first case." *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 420, 733 N.W.2d 755, 760 (2007) (citing *Adair*, 470 Mich. at 123). "The transactional test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Adair*, 470 Mich. at 124 (quotation marks omitted) (quoting *River Park, Inc. v. Highland Park*, 184 Ill.2d 290, 307–309; 234 Ill.Dec. 783, 703 N.E.2d 883 (1998)). "Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation." *Washington*, 478 Mich. at 420 (cleaned up). In other words, "[t]he 'determinative question is whether the claims in the instant case arose as part of the same transaction' as the claims in the earlier case." *Delinck*, 2022 WL 16858581, at *2 (quoting *Adair*, 470 Mich. at 125).

Plaintiffs do not seem to dispute that the instant action and the state court matter satisfy the same transaction test. *See generally* ECF No. 22; *see also id.* at PageID.331 (stating that plaintiffs damages from the permanent injunction, disruption of their business, and loss of business revenue "all . . . accrued as a result of the vexatious initiation of litigation by Defendants"). Instead, they argue that, despite raising the selective enforcement and conflict of interest issues during the

21

state court matter, they could not have formally asserted their claims during that proceeding because the damage caused by the disruption of their business was not yet ascertainable. *Id*. at PageID.322, 325, 33032. Plaintiffs again rely on *Ternes Steel* in arguing their claims should not be barred. *Id.* at PageID.330. This is unpersuasive for the reasons discussed in Section III.B.2.i.

Regardless, the Michigan Court of Appeals recently rejected a similar argument. Like Plaintiffs here, the plaintiffs in *Defina v. Delinck*, No. 351610, 2021 WL 220827 (Mich. Ct. App. Jan. 21, 2021) asserted that claim preclusion did not bar their subsequent lawsuit because they could not be compelled to bring a counterclaim in the prior suit where they were defendants. *Id*. at *2. The Court of Appeals "disagree[d]." *Id*. As a different court in this District has explained:

> [Plaintiff] is correct in his pleadings that federal civil rights claims are very different legally than the township ordinance. That does not mean they cannot be heard together in one court. [Plaintiff] has offered no argument that the county court excluded, or would have excluded, consideration of those claims. Also, Michigan courts can hear federal civil rights claims. *Dickerson v. Warden*, Marquette Prison, 99 Mich. App. 630, 634, 298 N.W.2d 841 (1980).

*Reid v. Thetford Twp.*, 377 F. Supp. 2d 621, 628 (E.D. Mich. 2005) (citation omitted).

As Plaintiffs acknowledge, their claims accrued when Defendants initiated the state court matter. ECF No. 22, PageID.331. That they continued to suffer damages

22

after the conclusion of that action is insufficient to circumvent claim preclusion. *Cf. Jones v. Westminster, LLC*, No. 334447, 2018 WL 2370634, at *5 (Mich. Ct. App. May 24, 2018) (emphasizing that exception to the same transaction test "rests on the plaintiffs' supported allegations that defendants[] committed additional wrongful *acts* after the [prior] case concluded" because "the fact that plaintiffs suffered additional damages, standing alone, does not entitle them to pursue a second claim"). Notably, under Michigan law, Plaitniffs could have argued for future damages on at least some of their claims. *See* MCL 600.6306. Accordingly, the Court concludes Plaintiffs could have brought their current claims as counter claims in the state court matter. *See Adair v. State*, 470 Mich. at 120.

Because the three *Adair* factors are satisfied, the Court finds Plaintiffs' equal protection (Count I), substantive due process (Count II), procedural due process (Count III), conspiracy to interfere with civil rights (Count IV), tortious interference (Count V), and civil conspiracy (Count VIII) are all precluded by the state court matter.

### 3. Supplemental Jurisdiction

"Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state

23

claims generally should be dismissed as well." *Wojnicz v. Davis*, 80 Fed. App'x. 382, 384–85 (6th Cir.2003) (citing *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992)).  As such, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims for defamation (Count VI) and intrusion on seclusion (Count VII).

### 4. Motion for Summary Judgment

Because the Court is granting Defendants' Motion for Judgment on the Pleadings as to Counts I through V and VIII and declining to exercise supplemental jurisdiction over Counts VI and VII, Defendants' Motion for Summary Judgment (ECF No. 33) is denied as moot.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (ECF No. 19).

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 33) is **DENIED AS MOOT**.

24

**IT IS SO ORDERED**.


/s/ Gershwin Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2023


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 19, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

25